FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2011 MAR 22 PM 3:38

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES RIVER INSURANCE CO., )
)
Plaintiff, )
)
v. ) CASE NO. CV409-203
)
KV CARRIER SERVICES, INC. and )
KARINE L. MAIER, as surviving )
spouse of James R. Maier, and )
as the Executrix of the )
Estate of James R. Maier, )
)
Defendants. )
)

# O R D E R

Before the Court are Defendant Karine L. Maier's Motion to Dismiss (Doc. 31) and Motion for Summary Judgment (Doc. 38), and Plaintiff James River Insurance Co.'s ("James River") Motion for Summary Judgment (Doc. 37). For the following reasons, Defendant Maier's motions are **DENIED** and Plaintiff's motion is **GRANTED**.[1] The Clerk of Court is **DIRECTED** to close this case.

## BACKGROUND

This declaratory judgment action stems from an October 14, 2008 accident involving a tractor trailer that resulted in the death of James R. Maier. (Doc. 40 at 1.) The

---

[1] As a result, Plaintiff's Motion to Strike Expert Witness Report (Doc. 23) and Motion to Dismiss KV Carrier Services, Inc. (Doc. 35) are **DISMISSED AS MOOT**.

tractor trailer was operated by an employee of Green Eyes USA, Inc. ("Green Eyes"). (Id.) Defendants K.V. Carrier Services ("Carrier") contracted with Green Eyes to make recommendations and provide services designed to keep Green Eyes in full compliance with Department of Transportation ("DOT") regulations. (Id. at 2.) Plaintiff James River issued an errors and omissions insurance policy to Defendant Carrier. (Id. at 4.)

Based on the accident, Defendant Maier filed suit in the State Court of Chatham County.[2] (Id. at 1.) In that case, Defendant Maier alleges that the driver of the tractor trailer had approximately thirteen moving violations prior to the accident. She contends, therefore, that Defendant Carrier was obligated "to perform driving record inquiries and background investigations on tractor-trailer drivers applying for employment with Green Eyes USA, Inc., and on current tractor-trailer drivers employed by Green Eyes USA, Inc., and to monitor their motor vehicle records." (Id. at 2-3.) Defendant Maier reasons that Defendant Carrier negligently performed this duty, which resulted in Green Eyes employing the driver that was

---

[2] The state court action has been subsequently removed to Federal Court. (Doc. 40 at 2.)

operating the tractor trailer when Mr. Maier was killed. (Id. at 3.)

In this case, Plaintiff seeks a declaratory judgment that the insurance policy it issued to Defendant Carrier does not cover Defendant Maier's claim against Defendant Carrier. (Id. at 5.) In its Motion for Summary Judgment, Plaintiff argues that Defendant Maier's claim is not covered because the policy excludes claims "[b]ased on or directly or indirectly arising out of any actual or alleged 'bodily injury' to or sickness, disease or death of any person." (Doc. 37 at 4.) In her response and Motion for Summary Judgment, Defendant Maier argues that the bodily injury exclusion does not apply because Defendant Carrier's negligence will result in a loss of assets, revenue, and profit to Green Eyes. (Doc. 40 at 16-17.) She reasons that these damages are not for bodily injury and, as a result, the exclusion does not apply. (Id.)

In addition to her Motion for Summary Judgment, Defendant Maier has filed a Motion to Dismiss, arguing that there is no actual controversy before the court because Plaintiff has already ceased providing a defense to Defendant Carrier in the underlying tort case.³ (Doc. 31 at

---

³ Defendant Carrier believes that its policy did not cover this type of claim. (Doc. 35.)

3

5-6.) Defendant Maier reasons that, because Plaintiff is no longer providing a defense to Defendant Carrier, Plaintiff is only seeking an advisory opinion affirming its decision. (Id. at 6.) In response, Plaintiff contends that the applicability of insurance coverage is an actual case or controversy. (Doc. 43 at 4-6.)

**ANALYSIS**

I. <u>DEFENDANT MAIER'S MOTION TO DISMISS</u>

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court presumes the truth of all factual allegations in the plaintiff's complaint. See <u>Crayton v. Callahan</u>, 120 F.3d 1217, 1220 (11th Cir. 1997); see also <u>Beck v. Deloitte & Touche</u>, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court 'must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.'") (quoting <u>St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am.</u>, 795 F.2d 948, 954 (11th Cir. 1986)). The Court must construe the plaintiff's allegations liberally because "[t]he issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) (abrogated on other grounds). "[A] complaint should not be

dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In her motion, Defendant Maier argues that this case should be dismissed because there is no actual controversy between the parties. (Doc. 31 at 4-8.) The Eleventh Circuit Court of Appeals has cautioned against exercising jurisdiction in declaratory judgment actions concerning insurance coverage absent a judgment establishing the insured's liability. See Edwards v. Sharkey, 747 F.2d 684, 686 (11th Cir. 1984). However, the Eleventh Circuit recognizes that it is within the district court's discretion to entertain such an action. Id. Furthermore, the Supreme Court of the United States has held that a case or controversy exists to support the exercise of jurisdiction in a declaratory judgment action even in the absence of a judgment against the insured. Id. (citing Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270 (1940)).

The Court concludes that it has jurisdiction to entertain this matter because there is an actual controversy between the parties: whether Defendant Maier's claim against Defendant Carrier is covered under an insurance policy issued by Plaintiff. To the extent that

5

the exercise of the Court's jurisdiction is discretionary in this case, the Court elects to employ that discretion to decide this case. Therefore, Defendant Maier's Motion to Dismiss is **DENIED**.

II.        PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes). Summary judgment is appropriate when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish, by going beyond the pleadings, that there is a genuine issue concerning facts material to its case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmoving party. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v.

7

Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989). Where, as in this case, there is no real dispute concerning any facts material to the outcome of this case, the issue is only a question of law. See United States v. Oakley, 744 F.2d 1553, 1555-56 (11th Cir. 1984). As a result, the case may be decided on cross-motions for summary judgment. Id.

Plaintiff argues that it is entitled to summary judgment because the policy excludes claims that arise out of bodily injury. (Doc. 37 at 8-12.) While Defendant Maier's response is less than clear, it appears that she contends that the claim would be covered because the resulting damages to the insured—Defendant Carrier—are based on their professional negligence and not any action they took that caused bodily injury. (Doc. 48 at 11-12.) Indeed, Defendant Maier argues that the " 'Wrongful Acts' committed by [Defendant Carrier] in negligently performing 'Professional Services' . . . will result in damages other than 'bodily injury' to or sickness disease or death of a person." (Id. at 12.) She contends that, at a minimum, the exclusion is ambiguous and must be construed against Plaintiff. (Id.) Both parties agree that Florida law applies to this case. (Doc. 37 at 6; Doc. 40 at 10-11.)

In Florida, "[a]n insurance policy's coverage is defined by the plain language of the policy." Estate of

8

Tinervin v. Nationwide Mut. Ins. Co., 23 So. 3d 1232, 1236 (Fla. Dist. Ct. App. 2009) (citing Fayad v. Clarendon Nat'l Ins. Co., 899 So. 2d 1082, 1086 (Fla. 2005)). "Clear and unambiguous terms are enforced as written." Id. (citing Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co., 913 So. 2d 528, 532 (Fla. 2005)). Contrary to Defendant Maier's contention, the term "arising out of" is not ambiguous: Florida courts have defined it as "originating from," "having its origin in," "growing out of," "flowing from," "incident to" or "having a connection with." See Tarsus Holdings, 913 So. 2d at 539; Hagen v. Aetna Cas. & Sur. Co., 675 So. 2d 963, 965 (Fla. Dist. Ct. App. 1996).

Applying the above to this case, it is clear that the insurance policy at issue does not cover Defendant Maier's claim against Defendant Carrier. The policy excludes claims "[b]ased on or directly or indirectly arising out of any actual or alleged 'bodily injury' to or sickness, disease or death of any person." (Doc. 37 at 4.) It is difficult to see how Defendant Maier's claim does not have its origin in or a connection with a claim for bodily injury. The clear and unambiguous terms of the policy just do not cover claims where the damages sought are the result of bodily injury.

Defendant Maier's argument that the damages Defendant Carrier will pay to Green Eyes are not based on the injury suffered by Mr. Maier, but on Green Eyes' loss of assets, profit, and revenue, is unavailing. Given the broad scope of the phrase "arising out of," these losses still "flow from" and are "incident to" the underlying claim for bodily injury suffered by Mr. Maier. The clear and unambiguous terms of the policy just do not provide for coverage of this type of claim, regardless of how ambiguous Defendant Maier makes it out to be.

Also, Defendant Maier wonders in her Motion for Summary Judgment what, if not a claim such as this, the insurance policy would cover. (Doc. 40 at 16.) The answer has two simple parts. First, the question before the Court is not what does it cover, but what does it not cover. As discussed above, the plain language of the policy excludes coverage for claims where the damages suffered "originated from" a bodily injury. Second, Defendant Carrier contracted with Green Eyes to ensure that Green Eyes was fully compliant with DOT regulations. The Court finds it odd that Defendant Maier is unable to conceive of a single situation where the policy would provide coverage. The Court can easily envision of a situation where Defendant Carrier's negligence results in significant fines and

penalties based on Green Eye's lack of compliance with DOT regulations, for which Green Eyes could conceivably recover from Defendant Carrier. Obviously, a claim such as this would not fall under the bodily injury exclusion. In any event, the resolution of this case depends less on what the policy does cover and more on what it does not. Included in that list are claims arising out of bodily injury, which is what is present in this case. Therefore, Plaintiff's Motion for Summary Judgment is **GRANTED** and Defendant Maier's Motion for Summary Judgment is **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendant Maier's Motion to Dismiss and Motion for Summary Judgment are **DENIED** and Plaintiff's Motion for Summary Judgment is **GRANTED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 22ND day of March 2011.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA